IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 12-617 |
| **MICHAEL SAVAGE** | : | |
| | : | |

McHUGH, J.                                                                                              April 27, 2021

**MEMORANDUM**

This is a motion for compassionate release under 18 U.S.C. § 3582.[1] In 2013, Petitioner Michael Savage pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), and received an 180-month sentence of imprisonment.[2] He has served approximately 116 months of that sentence.[3] He now seeks early release because of the COVID-19 pandemic, principally citing the medical circumstances of his two grandmothers. ECF 47.

The statute requires "extraordinary and compelling reasons" in order to grant release.

---

[1] Separately, Mr. Savage filed a motion for appointment of counsel. *See* ECF 45. As I have previously discussed at length, although there is a basis for the appointment of counsel in compassionate release cases under the Criminal Justice Act, the Third Circuit has not established a standard for doing so. *See United States v. Dorsey*, No. CR 14-323-1, 2021 WL 603035, at *1 (E.D. Pa. Feb. 16, 2021). However, in the context of motions under the First Step Act, a non-precedential panel applied the same standard followed in deciding motions for counsel under 28 U.S.C. § 1915(e)(1). *See United States v. Gibbs*, 787 Fed.Appx. 71 (3d Cir. 2019). That standard, established by *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993), sets forth several factors a district court should consider. Under that standard, as a threshold matter, I must determine whether Mr. Savage's claim "has some merit in fact and law." *Id.* at 155. *Accord Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). As will be discussed in detail below, his petition has no factual merit, and I will therefore deny the motion for appointment of counsel accordingly.

[2] With an offense level of 31 and a criminal history Category of VI, he had faced a guideline range of 188-235 months in prison.

[3] Approximately 15 months represent credit for good conduct. Govt. Resp. Opp'n Memo. 2, ECF 48.

18 U.S.C. § 3582 (c)(1)(A)(i). After reviewing Mr. Savage's motion, along with his medical records, I cannot say that he has demonstrated any particular risk to himself. *See* Resp. Opp'n, Ex. A, ECF 49-1. Nor has Mr. Savage presented the Court with family circumstances that would justify early release. For the reasons stated below, the motion will be denied.

Mr. Savage, a 41-year-old man, has not presented any factors that, according to the Centers for Disease Control and Prevention ("CDC"), might lead to an increased risk of severe cases of COVID-19.[4] *See* Mot. Compassionate Release 1. The sole medical issue he raises is that he contracted and recovered from COVID-19. *Id.* He survived COVID, and the records reflect that he did so without experiencing the type of severe illness that would require inpatient care, ventilation, intubation, or critical care intervention.[5] Mr. Savage is correct that the BOP's precautionary measures proved inadequate, but he avoided the worst outcomes.

The question then becomes to what degree Mr. Savage might be protected by acquired immunity because of having been infected, complicated by uncertainty among medical authorities as to the relative risk of reinfection for that population. But I need not reach that issue because of new information. The Government has provided medical records showing that Mr. Savage was offered the Moderna vaccine on March 8, 2021, which the Food and Drug Administration

---

[4] According to the Centers for Disease Control and Prevention ("CDC'), "more than 95% of COVID deaths occur in people older than 45." CENTERS FOR DISEASE CONTROL AND PREVENTION, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[5] According to the Government, when he contracted COVID-19 in November 2020, Mr. Savage "initially presented symptoms of fatigue, body aches, and headaches, but then was asymptomatic in later screening and was deemed recovered in early December." Govt. Resp. Opp'n Memo. 3, ECF 48; *see id.*, Ex. A, at 3, 9, 26, 40, ECF 49-1 (showing positive test for COVID-19 as of 11/20/20, the provision of Tylenol for those aforementioned symptoms in November 2020, temporary placement in isolation, and a negative COVID-19 test in March 2021).

recognizes as highly effective,[6] but that he declined it, apparently without any medical justification.  Govt. Resp. Opp'n Memo. 3, ECF 48; *see id.*, Ex. A., at 41.  I am not prepared to hold that declining the vaccine necessarily requires that compassionate release be denied, as the Government urges.  Govt. Resp. Opp'n Memo. 14.  Nonetheless, given what is necessarily some degree of natural immunity, and the chance to enhance such immunity dramatically, Mr. Savage cannot credibly claim he remains at substantial risk of serious illness from COVID because of his incarceration.

Although Mr. Savage's fears about the pandemic are understandable, the Court of Appeals had made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020).  This Court is aware of the fluctuating situation at FCI Fort Dix, and that, as of October 2020, outbreaks affected more than half the prison's population. Resp. Opp'n Memo. 6.  At this point, however, there are only six active cases amongst inmates.[7]  Moreover, approximately 53% of the current inmate population has been vaccinated,[8] providing Mr. Savage with additional protection against re-infection.  *Id.* at 7.  And I have previously detailed the comprehensive steps being taken by the Bureau of Prisons to combat COVID.  *See United States v. Robinson,* 466 F. Supp. 3d 524 (E.D. Pa. 2020).

---

[6] *See* FOOD AND DRUG ADMINISTRATION EMERGENCY USE AUTHORIZATION (EUA) FOR AN UNAPPROVED PRODUCT REVIEW MEMORANDUM, 55, https://www.fda.gov/media/144673/download.

[7] In addition, forty staff have tested positive.  *See* FEDERAL BUREAU OF PRISONS, COVID-19, https://www.bop.gov/coronavirus/ (last visited April 22, 2021).

[8] FEDERAL BUREAU OF PRISONS, COVID-19, https://www.bop.gov/coronavirus/ (last visited April 22, 2021).

3

Nor has Mr. Savage shown that release is warranted based on family circumstances. His 89-year-old grandmother resides at a nursing home and therefore does not require his care. *See* Mot. Compassionate Release 7. Meanwhile, assuming Petitioner's 81-year-old grandmother does require additional care, Mr. Savage fails to demonstrate that he is the only suitable caregiver. *See United States v. Neal*, No. 2:08-CR-00628-JMG-5, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020) (Gallagher, J.) (observing that "[a] defendant has the burden of establishing circumstances warranting his release"); *United States v. Moore*, 2020 WL 7024245 (E.D. Pa. Nov. 30, 2020) (Kearney, J.) (petitioner failed to demonstrate extraordinary circumstances where he had a younger sister and cousin otherwise capable of taking care of his mother).

Having reviewed multiple decisions from many district judges, Mr. Savage's case falls well outside the matrix where petitioners presented "extraordinary and compelling reasons" for compassionate release.

Separately, I must evaluate the other relevant considerations. Having no previous involvement with the case, I have reviewed Mr. Savage's sentencing documents to assess the section 3553(a) factors. *See* 18 U.S.C. § 3553(a). Unfortunately, the record supports the Government's contention that Mr. Savage presents a danger to the community. The actions that led to his conviction for possession of a firearm occurred while he still was on parole for another criminal offense involving the sale of narcotics.[9] *See* Govt. Resp. Opp'n Memo. 1. Given the seriousness of his crimes, the need to impose appropriate punishment, and the need to deter him from future criminal conduct, and considering his current medical condition and option to increase his immunity against COVID, his release cannot be justified on the record as it now stands.

---

[9] *See* Govt. Resp. Memo. 2; *see also Commonwealth of Pennsylvania v. Michael Savage*, CP-51-CR-0013552-2007, https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0013552-2007&dnh=BjHrEklyX9R16hjvWUQgPg%3D%3D.

For these reasons, the motions will be denied.  An appropriate Order follows.

                                                                  /s/ Gerald Austin McHugh  
                                                   United States District Judge